[Cite as *Shepherd Color Co. v. Dir., Ohio Dept. of Job & Family Servs.*, 2013-Ohio-2393.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| THE SHEPHERD COLOR CO., | : | CASE NO. CA2012-11-244 |
| Appellant, | : | |
| | : | O P I N I O N<br>6/10/2013 |
| - vs - | : | |
| | : | |
| DIRECTOR, OHIO DEPARTMENT | : | |
| OF JOB & FAMILY SERVICES, et al., | : | |
| Appellees. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-12-4383

Frost Brown Todd LLC, Robert A. Dimling and Neal Shah, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202, for appellant

Robin A. Jarvis, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for appellee, Director, Ohio Department of Job & Family Services

Scott A. Vidourek, 1090 Hamilton New London Road, Hamilton, Ohio 45013, appellee pro se

**M. POWELL, J.**

{¶ 1} Appellant, The Shepherd Color Company (Shepherd), appeals a decision of the

Butler County Court of Common Pleas affirming the Unemployment Compensation Review

Commission's determination that Scott Vidourek was discharged without just cause and is entitled to unemployment benefits.[1]

{¶ 2} Vidourek was employed by Shepherd from September 1, 2002, to May 27, 2011. Upon being hired, Vidourek signed the company's Standards of Conduct which state that misconduct, such as sleeping on the job, is cause for dismissal and may result in immediate termination.

{¶ 3} In October 2010, Vidourek was caught sleeping in the Black Operation Hut during his shift. The black hut is an isolated, elevated small room used for storage and accessible by a 15-step metal stairwell. Vidourek admitted the infraction, received a warning, and was suspended one day without pay. His supervisors emphasized the fact that finding a secluded place to sleep was worse than falling asleep at the job site because it showed an intent not to be discovered.

{¶ 4} On May 22, 2011, Thomas Price, a supervisor, caught Vidourek sleeping in the black hut during his shift. Price observed Vidourek for several minutes, left the area to get his cellphone, came back to the black hut, and took pictures of Vidourek with his cellphone. Vidourek remained asleep the entire time but awoke when Price opened the door of the hut. When questioned about the incident by his supervisors, Vidourek stated he was in the hut with his eyes closed because he had a headache. Vidourek was terminated on May 27, 2011.

{¶ 5} Vidourek applied for unemployment compensation benefits. The Ohio Department of Job and Family Services (ODJFS), through its director, determined that Vidourek was terminated without just cause and approved Vidourek's claim for benefits. Shepherd appealed the decision. Subsequently, ODJFS issued a redetermination and

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

reversed its original determination. Vidourek appealed the redetermination and the case was transferred to the Unemployment Compensation Review Commission (the commission).

{¶ 6} On September 27, 2011, a hearing officer conducted a hearing by telephone. Vidourek and Ronald Drumm, an Operations Manager for the company and the supervisor who questioned Vidourek after the second incident, testified. Drumm testified that following the first incident, Vidourek was told not to go to the hut but rather, to use the break room. Drumm also testified that another option for Vidourek would have been to call and notify a supervisor of his illness.

{¶ 7} Vidourek testified he was ill with the flu on May 22, went into the hut to take a short break, and "thought [he'd] only be in there five minutes, feel better then come back out to work." Vidourek conceded he could have called a supervisor but did not. Vidourek also testified that (1) Price, the supervisor who "caught [him] sleeping," did not like him and was trying to get him fired; and (2) other employees who were caught sleeping more times "in the same amount of time [he] got caught twice," were still employed. In his closing statement, Vidourek reiterated his displeasure with the fact he "got caught twice and other people have been caught multiple times and are still working."

{¶ 8} On October 14, 2011, the hearing officer reversed ODJFS's redetermination and found that Vidourek was terminated without just cause. Specifically, the hearing officer found that "the company failed to establish that [Vidourek] was sleeping on the final occurrence," as there was "insufficient evidence to support the allegation when the claimant testified under oath that he was not sleeping on the occasion in question."

{¶ 9} On November 4, 2011, Shepherd notified the commission by letter that it was appealing the hearing officer's decision and submitting additional evidence for review. Attached to Shepherd's letter were the company's Standards of Conduct, the company's incident reports for Vidourek, which included Vidourek's two sleeping incidents, an affidavit by

Price detailing how he caught Vidourek sleeping on May 22 and how he documented the incident, an affidavit from another employee of the company, and the pictures Price took of Vidourek on his cellphone.

{¶ 10} Four days later, Shepherd sent another letter to the commission. Attached to this letter was Vidourek's EEOC Charge against the company in which he stated he overslept his break by seven minutes in May 2011. Neither the evidence attached to Shepherd's first letter to the commission nor Vidourek's EEOC Charge (referred collectively as the additional evidence) were before the hearing officer.

{¶ 11} On November 16, 2011, "upon a review of the entire record," the commission disallowed Shepherd's request for review of the hearing officer's decision.

{¶ 12} Shepherd appealed the commission's decision to the Butler County Court of Common Pleas. On October 31, 2012, the common pleas court affirmed the commission's decision on the ground it was not unlawful, unreasonable, or against the manifest weight of the evidence. The common pleas court declined to consider the additional evidence on the ground it was not before the hearing officer at the time of the telephone hearing.

{¶ 13} Shepherd appeals, raising one assignment of error:

{¶ 14} THE TRIAL COURT ERRED BY AFFIRMING THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION.

{¶ 15} Shepherd raises three arguments under this assignment of error, to wit: (1) the common pleas court erred in refusing to consider the additional evidence even though it was part of the certified record before the court; (2) the hearing officer improperly put the burden of proof on Shepherd, the employer; and (3) the determination that Vidourek was discharged without just cause is against the manifest weight of the evidence.

{¶ 16} R.C. 4141.29(D)(2)(a) provides that an individual is not entitled to receive unemployment benefits if that individual "has been discharged for just cause in connection

- 4 -

with the individual's work." "'Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17 (1985), quoting *Peyton v. Sun T. V.*, 44 Ohio App.2d 10, 12 (10th Dist.1975).

{¶ 17} A just cause determination must be consistent with the legislative purpose underlying the Unemployment Compensation Act: to provide financial assistance to individuals who are involuntarily unemployed through no fault or agreement of their own. *Tzangas, Plakas & Mannos v. Ohio Bur. Of Emp. Serv.*, 73 Ohio St.3d 694, 697 (1995). "When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection." *Id.* at 697-698. Hence, just cause, under the Unemployment Compensation Act, is predicated upon employee fault. *Id.* at 698.

{¶ 18} R.C. 4141.282 governs unemployment compensation appeals to a court of common pleas. More specifically, R.C. 4141.282(H) provides:

> The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

{¶ 19} In unemployment compensation appeals, reviewing courts may reverse just cause determinations "if they are unlawful, unreasonable, or against the manifest weight of the evidence." *Tzangas*, 73 Ohio St.3d at 696. "[W]hile appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record." *Id.* This standard applies to all reviewing courts, including common pleas courts and appellate courts. *Id.* at 696. "The focus of an appellate court when reviewing an unemployment compensation

appeal is upon the commission's decision, not the trial court's decision." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 11 AP-473, 2012-Ohio-467, ¶ 5.

{¶ 20} We first address Shepherd's argument that the hearing officer improperly put the burden of proof on the company rather than on Vidourek, the employee. Shepherd asserts it is an employee's burden to prove he was discharged without just cause, and cites *Irvine* in support of its assertion.

{¶ 21} Shepherd is correct that in its 1985 decision, the Ohio Supreme Court held that pursuant to R.C. 4141.29(D)(2), "[t]he claimant has the burden of proving her entitlement to unemployment compensation benefits * * * , including the existence of just cause for quitting work." *Irvine*, 19 Ohio St.3d at 17, citing *Shannon v. Bur. of Unemp. Comp.*, 155 Ohio St. 53 (1951). Since then however, the Ohio Legislature has enacted R.C. 4141.281(C)(2) which provides in relevant part: "No person shall impose upon the claimant or the employer any burden of proof as is required in a court of law." In unemployment compensation proceedings, there is therefore no burden of proof on either the claimant or the employer. *See Maldonado v. Ohio Dept. of Jobs & Family Servs.*, 7th Dist. No. 10 MA 190, 2012-Ohio-4555; *Struthers v. Morell*, 164 Ohio App.3d 709, 2005-Ohio-6594 (7th Dist.).

{¶ 22} In her decision, the hearing officer found that:

> In this case, the claimant had previous warning for sleeping. However, the company failed to establish that he was sleeping on the final occurrence. It may have been a sound business decision not to bring the first hand witness, Tom Price but there is insufficient evidence to support the allegation when the claimant testified under oath that he was not sleeping on the occasion in question. Absent additional evidence, the Hearing Officer must find that the claimant was discharged without just cause in connection with work.

{¶ 23} In addressing Shepherd's claim that the hearing officer improperly placed the burden of proof on the company, the common pleas court found that upon hearing Vidourek's testimony, the hearing officer "was unable to find contravening evidence," and that "without

additional evidence, the Hearing Officer could not find in favor of [Shepherd]." We agree with the common pleas court's reading of the hearing officer's decision.

{¶ 24} Shepherd next argues the common pleas court erred in refusing to consider the additional evidence the company submitted with its letters to the commission requesting a review of the hearing officer's decision. We agree.[2]

{¶ 25} R.C. 4141.282(F)(1) provides that when a party appeals the final decision of the unemployment compensation review commission to a common pleas court, the commission "shall file with the clerk a certified transcript of the record of the proceedings at issue before the commission." In turn, pursuant to R.C. 4141.282(H), "[t]he court shall hear the appeal on the certified record provided by the commission."

{¶ 26} A review of the certified record filed by the commission in the case at bar shows that it includes the additional evidence that Shepherd submitted with its two letters to the commission seeking review. During oral arguments before this court, counsel for ODJFS admitted that the certified record includes the additional evidence. Yet, the common pleas court declined to consider the additional evidence on the ground it was not before the hearing officer at the time of the telephone hearing.

{¶ 27} Ohio Adm.Code 4146-17-01(A) provides that:

> In addition to the administrator's file the review commission shall maintain a file in each case before it. The review commission file shall consist of the appeal, request for review or an application for appeal, all exhibits introduced at the hearing, the transcript where it exists *and any other documents pertaining to the case that are submitted or generated after an appeal, application for appeal or request for review has been filed.*

---

2. We agree with Shepherd that the common pleas court erred in refusing to consider the additional evidence the company submitted with its two letters to the commission requesting a review of the hearing officer's decision. The record shows that Shepherd also attached two other documents to its brief to the common pleas court when it appealed the commission's decision. These two documents were not properly before the common pleas court and the court did not err in not considering them. *See Abrams-Rodkey v. Summit Cty. Children Serv.*, 163 Ohio App.3d 1, 2005-Ohio-4359 (9th Dist.); *Westphal v. Cracker Barrell Old Country Store, Inc.*, 9th Dist. No. 09CA009602, 2010-Ohio-190; *Hall v. Am. Brake Shoe Co.*, 13 Ohio St.2d 11 (1968).

(Emphasis added.) Ohio Adm.Code 4146-25-01, in turn, provides that:

> A request for review to the review commission may be taken by any interested party by filing a request for review from a decision by a hearing officer.
>
> Any written notice stating that the interested party appeals from or desires a review of the decision of the hearing officer on a hearing officer level appeal shall constitute a request for review to the review commission. *If the appellant desires to submit additional evidence, the appellant should so state and set forth a brief statement thereof.*

(Emphasis added.)

{¶ 28} We find that the foregoing two provisions specifically allow a party to supplement the record and/or submit additional evidence after a hearing has been held by the hearing officer, and after or at the time a request for review is filed. In the case at bar, Shepherd submitted the additional evidence when it filed its request for review with the commission. As stated earlier, the additional evidence is part of the certified record filed by the commission with the clerk of the common pleas court.

{¶ 29} Because Shepherd is allowed under Ohio Adm.Code 4146-17-01 and 4146-25-01 to submit additional evidence after a hearing with the hearing officer, and because Shepherd properly submitted its additional evidence with its request for review, such evidence was properly included in the certified record and should have been considered by the common pleas court. Accordingly, we find that the common pleas court erred in refusing to consider the additional evidence.

{¶ 30} In declining to consider the additional evidence submitted by Shepherd, the common pleas court also noted that the company "set forth no reason under R.C. 2506.03 * * * as to why the documents submitted subsequent to the hearing * * * should be considered."

{¶ 31} However, and ODJFS agrees, "R.C. 2506.03 is not applicable to the instant case. R.C. Chapter 2506 applies to decisions made by a political subdivision." *Abrams-*

- 8 -

*Rodkey*, 2005-Ohio-4359 at ¶ 30. Because R.C. 2506.01 does not include the state itself or any of the state agencies, and because "the Ohio Unemployment Compensation Review Commission is an agency of the state of Ohio and appeals from a decision of the Unemployment Review Commission are specifically governed by R.C. [Chapter] 4141, the provisions of R.C. [Chapter] 2506 do not apply to the case at hand." *Id.* Thus, the common pleas court improperly relied on R.C. 2506.03 when it found it could not consider the additional evidence.

{¶ 32} ODJFS, however, contends that "Ohio Adm.Code 4146-5-08(B), which disallows the Review Commission from considering documents filed after a telephone hearing, essentially stands in place of R.C. 2506.03." We disagree.

{¶ 33} Ohio Adm.Code 4146-5-08, which governs documents to be considered in telephone hearings, states in relevant part:

> (A) Where an interested party has documents or written materials for the hearing officer or review commission to consider, a copy of the documents or materials shall be sent to the review commission at the address directed on the notice as well as to all interested parties and their representatives listed on the notice that an appeal has been transferred or *notice that a request for review has been allowed and a hearing will be held*. Each document shall be identified by a letter. Each page of a multipage document shall be numbered. Documents shall be filed with the review commission within fourteen days of the mailing date of the notice that an appeal has been transferred or *notice that a request for review has been allowed and a hearing will be held.*
>
> (B) If documents have not been filed with the review commission and received by all interested parties at the time of hearing, then the documents shall not be considered by the review commission or hearing officer unless the hearing is continued to allow the other parties to review the document.

(Emphasis added.)

{¶ 34} ODJFS's argument assumes that telephone hearings are solely conducted by hearing officers at the hearing officer level after a party appeals a determination or

redetermination of the ODJFS to the Unemployment Compensation Review Commission. However, R.C. 4141.281 also provides for telephone hearings at the review level. *See* R.C. 4141.281(C)(6) (if the commission allows a request for review, it may schedule a new hearing); R.C. 4141.281(C)(2) (hearings before the commission are held at the hearing officer level and the review level); and R.C. 4141.281(D)(3) (hearings conducted at the hearing officer level or the review level may be conducted in person or by telephone). Likewise, Ohio Adm.Code 4146-7-02(A) provides that "[t]he review commission and hearing officers shall conduct hearings[.]"

{¶ 35} Thus, as the foregoing provisions and the emphasized language in Ohio Adm.Code 4146-5-08 indicate, a telephone hearing may be conducted at the review level if a request for review has been allowed. We believe it is in that context that the phrase selected by ODFJS from Ohio Adm.Code 4146-5-08 ("the documents shall not be considered by the review commission") applies. That is, if the commission allows a request for review and subsequently schedules a hearing, documents that have not been filed with the commission at the time of the hearing at the review level, will not be considered by the commission.

{¶ 36} Finally, we address Shepherd's argument that the determination that Vidourek was discharged without just cause is against the manifest weight of the evidence.

{¶ 37} Shepherd's additional evidence, and in particular Price's affidavit and Vidourek's admission in his EEOC Charge against the company that he overslept his break in May 2011, supports the company's assertion that Vidourek was sleeping during his shift on May 22, 2011. Given this evidence and the testimony of Vidourek and Drumm at the hearing before the hearing officer, we find that the commission's decision is not supported by the evidence in the record. Therefore, the commission's determination that Vidourek was discharged without just cause and is entitled to unemployment benefits was against the

manifest weight of the evidence. It follows the common pleas court's decision to affirm the commission's findings was equally erroneous. Shepherd's assignment of error is sustained.

{¶ 38} The decision of the common pleas court is reversed. The commission's decision is reversed and vacated, and the cause is remanded to the commission for further proceedings consistent with this opinion.

{¶ 39} Judgment reversed and remanded.

RINGLAND, P.J., concurs.

PIPER, J. concurs separately.

**PIPER, J. concurring separately.**

{¶ 40} I agree with the above analysis and judgment in all regards. I write separately, however, to express my opinion that the transcript of the hearing itself completely undermines the commission's decision.

{¶ 41} Vidourek's testimony and arguments at the hearing reveal that he believed he was the subject of discrimination because other workers had slept on the job more times than he did, and those workers who were caught sleeping were not terminated as he was. Vidourek never said that he was not asleep on the job. In fact, the only reasonable inference to be made from what Vidourek *did* say was that he was asleep.

{¶ 42} During the hearing, Vidourek testified that "the supervisor who caught me, does not like me." Vidourek also testified that he was a victim of racial discrimination because an African American worker "got caught three times in the same amount of time that I got caught twice and he still works there."[3] Vidourek continued to argue discrimination and stated, "that

---

3. It was uncontested by Vidourek that he had been disciplined on one prior occasion for sleeping on the job.

was my whole issue about being fired, when some other people can be caught multiple times, more than me and that's what I don't agree with * * *." During his closing arguments, Vidourek continued to assert that he was discriminated against, "I got caught twice and other people have been caught multiple times and are still working."

{¶ 43} Vidourek's testimony and arguments were centered upon how his company treated other employees, rather than establishing that he did not sleep on the job. Based upon the transcript of the hearing, the commission's ultimate decision was against the manifest weight of the evidence, and establishes that the decision must be reversed.