[Cite as *Odom Industries, Inc. v. Shoupe*, 2014-Ohio-2120.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| ODOM INDUSTRIES, INC., | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2013-09-069 |
| | : | O P I N I O N |
| - vs - | | 5/19/2014 |
| | : | |
| MICHAEL L. SHOUPE, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CVF 1864


Nicole M. Lundrigan, 1262 U.S. Hwy. 50, Milford, Ohio 45150, for appellant

Michael L. Shoupe, 6116 Taylor Pike, Blanchester, Ohio 45107, appellee, pro se

R. Michael DeWine, Ohio Attorney General, Robin A. Jarvis, 30 East Broad Street, Columbus, Ohio 43215, for Director, Ohio Department Job & Family Services


**HENDRICKSON, J.**

{¶ 1} Plaintiff-appellant, Odom Industries, Inc. (Odom), appeals a decision of the Clermont County Court of Common Pleas affirming the Unemployment Compensation Review Commission's determination that defendant-appellee, Michael L. Shoupe, was

discharged without just cause and is entitled to unemployment compensation benefits.[1]

{¶ 2} Shoupe was employed by Odom from January 18, 2012 to March 29, 2012, as a welder. At the outset of his employment, Odom provided Shoupe with a copy of the employee handbook. Shoupe acknowledged receiving and reviewing the handbook. Odom is a drug-free workplace. Accordingly, employees are subject to random drug testing, and the failure to submit to a drug test is cause for termination. The employee handbook also contained a tardiness and attendance policy. Pursuant to this policy, three unexcused absences or tardies in one year is cause for termination. However, an absence or tardy due to illness could be excused if the employee provided a physician's note.

{¶ 3} Shoupe left work early on February 29, 2012, March 12, 2012, and March 28, 2012. On March 12, 2012, Odom conducted a random drug test of all employees. Because Shoupe had left early, he did not submit to the drug test. Odom considered terminating Shoupe for failing to submit to the drug test; however, after Shoupe submitted to a drug test the next day which returned negative results, Odom permitted Shoupe to return to work. Before returning to work, William Lundrigan, Odom's chief compliance officer, told Shoupe, "I don't want there to be any confusion about this in the future, this needs to never happen again * * * and you're going to be on probation with me and you're going to have to dot your I's and cross your T's."

{¶ 4} On March 29, 2012, Shoupe was absent from work. He did not provide Odom with a physician's note to excuse the absence. On that same day, Odom terminated Shoupe's employment.

{¶ 5} Shoupe filed an application for unemployment compensation benefits, and the Ohio Department of Jobs and Family Services (ODJFS) allowed the claim. Odom appealed

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

the determination. In its Redetermination, ODJFS modified the initial determination, but affirmed the allowance of benefits, finding Shoupe was discharged without cause under R.C. 4141.29(D)(2)(a). Odom appealed the Redetermination, and the appeal was transferred to the Unemployment Compensation Review Commission (Review Commission).

{¶ 6} The Review Commission held a hearing on July 19, 2012. At the hearing, Shoupe testified that on the days he left work early, specifically, February 29, March 12, and March 28, he had experienced dizziness and nausea and began vomiting. According to Shoupe, his supervisor observed him getting sick. Shoupe requested being assigned to a different job on those days, but his request was denied. Shoupe then left work after filling out the requested form from his supervisor for leaving early. As to his absence on March 29, 2012, Shoupe testified he did not go into work as his mother had been a victim of domestic violence, and he was helping her that day. According to Shoupe, he attempted to get in touch with his supervisor, but was unable to speak with him. Based on the evidence before it, the Review Commission affirmed ODJFS's Redetermination, again finding Shoupe was discharged by Odom without just case.

{¶ 7} Odom filed a request for review of the decision by the Review Commission, but the request was denied. Odom then appealed the matter to the Clermont County Court of Common Pleas.

{¶ 8} On August 8, 2013, the common pleas court affirmed the decision of the Review Commission finding the Review Commission's determination that Shoupe was discharged without just cause was not unlawful, unreasonable, or against the manifest weight of the evidence. Odom now appeals the common pleas court's decision, raising one assignment of error:

{¶ 9} THE TRIAL COURT ERRED IN AFFIRMING THE REVIEW COMMISSION'S DECISION THAT MR. SHOUPE WAS TERMINATED WITHOUT "JUST CAUSE."

{¶ 10} Odom asserts it terminated Shoupe with just cause based on his "excessive unexcused absences and violation of his probationary employment, but also due to his past failure to submit to the required drug test and poor quality of his work," and therefore the Review Commission and the common pleas court's decisions should be reversed as the decisions were unlawful, unreasonable, and against the manifest weight of the evidence.

**I. Standard of Review**

{¶ 11} Our standard of review in unemployment compensation cases is limited. The common pleas court and this court utilize the same standard of review: "reviewing courts may reverse just cause determinations only 'if they are unlawful, unreasonable, or against the manifest weight of the evidence.'" *Chen v. Ohio Dept. of Jobs & Family Servs.*, 12th Dist. Clermont No. CA2011-04-026, 2012-Ohio-994, ¶ 17, quoting *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 696 (1995). It should be noted that when evaluating whether a judgment is against the manifest weight of the evidence in a civil case, such as the case at bar, the standard of review is the same as in the criminal context. *Marinich v. Lumpkin*, 12th Dist. Warren No. CA2011-11-124, 2012-Ohio-4526, ¶ 20, citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. That is, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley* at ¶ 20, quoting *Tewarson v. Simon,* 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶ 12} Given this standard, reviewing courts are not permitted to make factual findings or determine the credibility of the witnesses. *Chen* at ¶ 17. Factual questions remain the solely within the province of the Review Commission. *Id.* The focus of an appellate court's review on an unemployment compensation appeal is upon the Review Commission's

decision and whether such decision is supported by evidence in the record. *Id.*

## II. "Just Cause" Termination and Unemployment Compensation Eligibility

{¶ 13} In this case, the Review Commission found Shoupe "missed work due to compelling circumstances in addition to illness that was beyond [his] control." Based on this finding, the Review Commission concluded there was insufficient fault or misconduct on the part of Shoupe to warrant a justifiable discharge. Accordingly, the Review Commission determined Shoupe was entitled to benefits as he had been discharged without just cause in connection with work. Odom contends the just cause standard applied by the Review Commission was too stringent. Odom asserts the standard for just cause is not whether the discharge was the result of sufficient fault or misconduct on the part of the claimant, but simply "that which, to an ordinary intelligent person is a justifiable reason for doing or not doing a particular act."

{¶ 14} Pursuant to R.C. 4141.29(D)(2)(a), an individual is not entitled to receive unemployment benefits if that individual "has been discharged for just cause in connection with the individual's work * * *." "Traditionally, just cause, in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17-18 (1985); *Johnson v. Edgewood City School Dist. Bd. of Edn.*, 12th Dist. Butler No. CA2008-11-278, 2010-Ohio-3135, ¶ 11.

{¶ 15} The just cause determination in the unemployment compensation context must also be consistent with the legislative purpose of the Unemployment Compensation Act, which is to provide financial assistance to individuals who are involuntarily unemployed through no fault or agreement of their own. *Shepherd Color Co. v. Dir., Ohio Dept. of Job & Fam. Servs.*, 12th Dist. Butler No. CA2012-11-244, 2013-Ohio-2393, ¶ 17, citing *Tzangas* at 697. "When an employee is at fault, he is no longer the victim of fortune's whims, but is

instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection." *Tzangas* at 697-698. Hence, just cause, under the Unemployment Compensation Act, is predicated upon employee fault. *Shepherd Color Co.* at ¶ 17. The question of an employee's fault cannot be rigidly defined, but, rather, can only be evaluated upon consideration of the particular facts of each case. *Tzangas* at 698. "If an employer has been reasonable in finding fault on behalf of an employee, then the employer may terminate the employee with just cause." *Id.*

{¶ 16} Accordingly, contrary to Odom's assertions,"[f]ault on behalf of the employee remains an essential component of a just cause termination." *Tzangas* at 698. While Odom is correct that just cause does include that which an ordinary intelligent person would find is a justifiable reason for doing or not doing an act; it is clear that there must be some fault on behalf of the employee in the situation leading up to his discharge for a just cause determination. We find no error in the standard used by the Review Commission in determining whether Shoupe was terminated with just cause. We now turn to the Review Commission's determination that Shoupe was discharged without just cause connected with his work.

{¶ 17} Odom argues on appeal that there was just cause for Shoupe's termination based on his failure to participate in the mandatory drug test on March 12, 2012, and his violation of probationary employment by missing work on March 28 and March 29, 2012. The record simply does not support Odom's version of events.

{¶ 18} The Review Commission found Odom "did not terminate claimant's employment for failing to take the [drug] test as required." This finding is supported by the evidence as the record indicates Odom gave Shoupe another drug test and permitted him to return to work based on the negative result. Moreover, the Review Commission did not find that Shoupe was ever placed on probation. Although the record indicates Odom placed

Shoupe on probation related to random drug testing, there is no indication Shoupe was ever notified of or placed on probation for any attendance issue. Accordingly, we will not disturb the Review Commission's factual findings on these issues as such findings are supported by the record.

{¶ 19} Odom also argues Shoupe was terminated with just cause based on his violation of its attendance policy. The Review Commission made no explicit finding regarding whether Shoupe's actions violated Odom's policy. Rather, the Review Commission determined Shoupe was not at fault for missing work on February 29, March 12, March 28, and March 29, 2012, because the circumstances causing him to miss work were "compelling" and the result of "illness that was beyond [his] control."

{¶ 20} The Review Commission found Shoupe "left work early on three occasions due to illness. Claimant experienced nausea and dizziness. Claimant's foreman was made aware of his conditions." At the hearing, Shoupe's testimony established he was at work when he began vomiting, his supervisor observed him getting sick, had him fill out a form to leave early, and Shoupe was never informed a physician's note was still needed or that he was not meeting Odom's attendance expectations. From this evidence, it is reasonable to conclude that a physician's note was unnecessary in order to excuse Shoupe's absences. As to March 29, 2012, Shoupe testified he did not go into work that day because his mother was assaulted by her husband. The Review Commission found Shoupe "wanted to help his mother deal with the circumstances and explore her options." The Review Commission found Shoupe's testimony regarding his reasons for missing work to be credible. As the hearing officer is in the best position to judge the credibility of the witnesses, and the findings are supported by the record, we find no reason to disturb the Review Commission's determination that Shoupe was not at fault for missing work for which he was later terminated. *Johnson* at ¶ 14. Accordingly, under these circumstances, Odom was not

- 7 -

reasonable in finding fault on behalf of Shoupe.

{¶ 21} Based on the foregoing, as fault on part of the employee is an essential component of a just cause termination and there was insufficient fault on the part of Shoupe, we find that the Review Commission's decision finding he was terminated without just cause was not unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, the common pleas court did not err in affirming the Review Commission's decision. Odom's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.