[Cite as *Gbortoe v. Dir., Ohio Dept. of Job & Family Servs.*, 2023-Ohio-4844.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

David Gbortoe, :

    Appellant-Appellant, :

                                  No. 23AP-329

v. : (C.P.C. No. 22CV-8392)

[Director, Ohio Department : (REGULAR CALENDAR)
of Job and Family Services],

                                :

    Appellee-Appellee. :

                                :

D E C I S I O N

Rendered on December 29, 2023

**On brief:** *David Gbortoe*, pro se. **Argued:** *David Gbortoe.*

**On brief:** *Dave Yost*, Attorney General, and *David E. Lefton*, for appellee. **Argued:** *David E. Lefton.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Appellant, David Gbortoe, appeals from a decision of the Franklin County Court of Common Pleas affirming a decision by appellee, the Director of the Ohio Department of Job and Family Services ("department"), denying appellant unemployment benefits.

**I. Facts and Procedural History**

{¶ 2} Appellant worked for Charter Communications LLC ("employer") from April 16, 2018 until he resigned on July 6, 2022. After resigning from his position with employer, appellant filed for unemployment benefits. On August 15, 2022, the director disallowed appellant's application on the basis that he quit his job without just cause. On

September 5, 2022, appellant filed an appeal from the director's decision. On September 7, 2022, the department transferred jurisdiction of the case to the Unemployment Compensation Review Commission ("commission").

{¶ 3} On September 27, 2022, appellant and Jennifer Lindsay, the manager of human resources and a witness for employer, testified in a telephonic hearing before the commission. Appellant testified he resigned his position after "an incident regarding another individual's gender preferences." (Dec. 20, 2022 Record of Proceedings at 107.) In appellant's telling, he had a phone conversation on June 1, 2022, in which he welcomed a newly promoted member of the team. Appellant testified there was no discussion of gender preferences during that call, and it was not until the following week that a different coworker informed appellant about the newly promoted employee's gender pronouns. Appellant responded to this coworker's comment, expressing he was "not interested" in that topic and he "[does not] believe in that." *Id.* at 110. That comment led to corrective action meetings with company leadership on June 10 and 20, 2022. In the June 20 meeting, employer informed appellant he would receive a disciplinary warning for his conduct. Appellant testified he never requested a leave of absence or any modification to his position prior to resigning.

{¶ 4} Lindsay testified next. She claimed employer received a complaint about appellant after he audibly opined the newly promoted employee was not capable of succeeding in their new role. The employer accused appellant of violating the code of conduct by vocalizing his opinion loudly enough to be audible around the office. Lindsay explained appellant was issued a written warning, but his job was not in jeopardy at the time of his resignation. In part, the written warning admonished appellant as follows: "You must demonstrate consistently appropriate behavior in the workplace going forward in accordance with [employer's] Code of Conduct. Failure to do so may result in further corrective action, up to and including termination of employment." *Id.* at 16.

{¶ 5} On October 13, 2022, the commission's hearing officer issued a decision that found appellant quit his job without just cause and affirmed the director's disallowance of appellant's unemployment benefits. Appellant filed a request for further review on October 22, 2022. The commission issued a final decision on November 2, 2022 which

denied the request for further review.  On December 1, 2022, appellant filed a notice of appeal with the trial court.  On June 1, 2023, the trial court affirmed the commission's final decision.

{¶ 6}   Appellant timely appeals.

## II. Assignments of Error

{¶ 7}   On appeal, appellant's brief does not comply with App.R. 16(A)(3) and (4), as it fails to set forth a statement of the assignments of error and a statement of the issues presented for review.   Instead, appellant's brief combines his arguments with his assignments of error in one "law and argument" section.   In that combined section, appellant asserts the following:

> I.  The commission erred in ignoring evidences [sic] of unfair and unjust employer action.
>
> II. The commission ignored evidence that the employer harassed the appellant for his beliefs not his actions.
>
> III. The employer's conduct created a hostile work environment which compelled the appellant to resign under constructive discharge.

Although not in compliance with the appellate rules, in the interest of justice, we will construe appellant's arguments as assignments of error.

## III. Analysis

{¶ 8}   In construing appellant's three assignments of error, it appears they cumulatively argue his employer behaved in a manner appellant perceived as unfair harassment that created a hostile work environment, compelling his resignation.  Because appellant's three assignments of error raise related issues, we consider them together.

{¶ 9}   R.C. 4141.282 governs appeals from decisions of the commission to the court of common pleas and provides as follows:

> The court shall hear the appeal on the certified record provided by the commission.  If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

R.C. 4141.282(H).

{¶ 10} On appeal, a reviewing court at any level may reverse "just cause" determinations by the commission only if unlawful, unreasonable, or against the manifest weight of the evidence. *Barrett v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 21AP-532, 2022-Ohio-2152, ¶ 21, citing *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694 (1995), paragraph one of the syllabus; *see* R.C. 4141.282(H) and *Houser v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-116, 2011-Ohio-1593, ¶ 7. Appellate courts in such cases focus their review not on the decision of the trial court, but rather on the commission's determination. *Id.*, citing *Houser* at ¶ 7 and *Carter v. Univ. of Toledo*, 6th Dist. No. L-07-1260, 2008-Ohio-1958, ¶ 12. The reviewing court may not make factual findings or credibility determinations, nor may it substitute its judgment for that of the commission on issues of fact. *Id.*, citing *Houser* at ¶ 7, *Tzangas* at 696, *McCarthy v. Connectronics Corp.*, 6th Dist. No. L-08-1293, 2009-Ohio-3392, ¶ 16, and *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985). The reviewing court instead determines whether evidence in the record supports the commission's decision. *Id.*, citing *Houser* at ¶ 7 and *Irvine* at 18. " 'Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' " *Id.*, quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. This court must therefore affirm the commission's finding if it is supported by " 'some competent, credible evidence.' " *Id.*, quoting *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, ¶ 20.

{¶ 11} Claimants bear the burden of proving their entitlement to unemployment compensation benefits. *Id.* at ¶ 22, citing *Houser* at ¶ 8 and *Irvine* at 17. In the present case, the commission denied appellant's claim for unemployment benefits on the grounds that he voluntarily quit his employment without just cause.

{¶ 12} "[N]o individual may * * * be paid benefits * * * [f]or the duration of the individual's unemployment if the director finds that * * * [t]he individual quit work without just cause." R.C. 4141.29(D)(2)(a). In other words, claimants who quit without just cause are ineligible to receive unemployment benefits. Just cause "is that which, to an ordinarily

intelligent person, is a justifiable reason for doing or not doing a particular act." (Internal quotations omitted.) *Barrett* at ¶ 23, quoting *Houser* at ¶ 8, and *Irvine* at 17. Because determining "[w]hether just cause exists depends on the factual circumstances of each case," it "is primarily an issue to be resolved by the trier of fact." *Id.*, quoting *Houser* at ¶ 8 and citing *Warrensville Hts. v. Jennings*, 58 Ohio St.3d 206, 207 (1991), *Stark Area Regional Transit Auth. v. Dir., Ohio Dept. of Job & Family Servs.*, 5th Dist. No. 2009-CA-00147, 2010-Ohio-2142, ¶ 20, and *Irvine* at 17.

{¶ 13} "A just cause determination must be consistent with the purpose of the Unemployment Compensation Act, which is to provide financial assistance to individuals who become and remain involuntarily unemployed due to adverse business and industrial conditions." *Brooks v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-414, 2009-Ohio-817, ¶ 12, citing *Tzangas* at 697. "The act protects those employees who have no control over the situation that leads to their separation from employment." *Id.*, citing *Tzangas* at 697. Thus, under the just cause standard, "an employee is required to cooperate with the employer to resolve work-related problems. * * * If the employee does not cooperate or give the employer sufficient time to accommodate the employee's needs [and] concerns, that employee will usually not be found to have just cause if he or she quits." (Internal quotations omitted.) *Boynton v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 21AP-481, 2022-Ohio-2597, ¶ 10, quoting *Watkins v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-479, 2006-Ohio-6651, ¶ 21, and *Stapleton v. Ohio Dept. of Job & Family Servs.*, 7th Dist. No. 04-MA-195163, 2005-Ohio-4473, ¶ 32, citing *Irvine* at 18.

{¶ 14} Here, appellant failed to prove he was entitled to unemployment benefits. Although he contends his employer created a hostile work environment and threatened to fire him, the record shows employer merely issued appellant a written warning admonishing him for his behavior. Although the warning noted the employer could impose future sanctions up to and including firing for continued inappropriate workplace behavior, it did not threaten appellant's employment status. The record also reveals appellant did not request a leave of absence or any change to his employment situation prior to resigning. The evidence, supported by appellant's own testimony, qualifies as "some evidence"

justifying the commission's conclusion that appellant quit his job without just cause. While we understand appellant's discomfort in remaining at his previous position, he nonetheless must comply with R.C. 4141.29(D)(2)(a) before receiving unemployment benefits. The record is clear that appellant could have continued working for employer but instead chose to quit. As the evidence shows he voluntarily resigned his job without just cause, appellant is not entitled to unemployment benefits.

{¶ 15} Our review of the record reveals competent, credible evidence to support the commission's determination that appellant voluntarily resigned his employment without just cause. Accordingly, the commission's decision denying appellant's claim for unemployment benefits is not unlawful, unreasonable, or against the manifest weight of the evidence, and the trial court did not err in affirming the denial. Accordingly, we overrule appellant's three assignments of error.

## IV. Conclusion

{¶ 16} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.