[Cite as *Bonanno v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-5167.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| WILLIAM BONANNO | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 AP 02 0011 |
|  | : |  |
|  | : |  |
| OHIO DEPARTMENT OF JOB AND | : | O P I N I O N |
| FAMILY SERVICES, et al., |  |  |
|  |  |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING: Civil Appeal from Tuscarawas County
Court of Common Pleas Case No.
2011 AA 09 0991

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: November 2, 2012

APPEARANCES:

For Plaintiff-Appellant

MICHAEL F. HARRINGTON
Southeastern Ohio Legal Services
322 West High Avenue
New Philadelphia, Ohio 44663

For Defendants-Appellees

MICHAEL DEWINE
Ohio Attorney General

BY: SUSAN M. SHEFFIELD
Associate Assistant Attorney General
Health and Human Services Section
20 West Federal Street, 3rd Floor
Youngstown, Ohio 44503

*Edwards, J.*

**{¶1}** Plaintiff-appellant, William Bonanno, appeals from the January 13, 2012, Judgment Entry of the Tuscarawas County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission denying him unemployment compensation benefits.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** Appellant William Bonanno was hired by Stocker Sand and Gravel Company in March of 2003 as a laborer. Appellant operated machinery that was used to move, shake and sort gravel.

**{¶3}** Appellant typically worked from 7:00 or 7:30 a.m. until 4:00 or 5:00 p.m. When he arrived at work, appellant usually started up the machinery for the day and would make sure that there were no problems with the equipment. During the first two days of the week of August 12, 2010, appellant was working the afternoon shift and the machinery was already running when he arrived at work. Appellant merely took over the controls from another machine operator.

**{¶4}** On August 12, 2010, when he arrived at work, the machinery was not running because there was a problem with the dredge. Appellant discovered a piece of rebar that was stuck in the rock box of a conveyor belt. Appellant then climbed up on to the rock box, which was approximately 50 feet in the air, via a catwalk onto the conveyor belt and into the rock box and removed the rebar. Prior to doing so, appellant forgot to lock out and tag out the machine. Appellant's employer has a written policy that the power to a machine must be turned off and a red sign posted notifying other employees that work is being performed on the machine. The employee manual

provided to appellant in February of 2003 states, in relevant part, that "[i]n all instances, where possible, power must be cut off and proper lock-out/tag-out procedures must be performed before service or repair work is begun." Appellant was aware of such policy. After appellant's employer observed that appellant did not lock out and tag out the equipment before working on the conveyor, appellant was discharged for failing to follow company safety rules by working on equipment with the power on.

{¶5}  Appellant applied for unemployment compensation benefits and was denied the same on the basis that he had been discharged with just cause. Appellant then appealed and on redetermination the decision was affirmed.

{¶6}  Subsequently, a hearing before an Unemployment Compensation Hearing Officer was held on May 4, 2011. Pursuant to a Decision mailed on May 6, 2011, the Hearing Officer found that appellant was discharged for just cause and that he was not eligible for unemployment compensation benefits. Appellant then appealed to the Unemployment Compensation Review Commission which issued a Decision disallowing his request for review.

{¶7}  On September 22, 2011, appellant filed an appeal with the Tuscarawas County Court of Common Pleas. Both parties filed briefs. As memorialized in a Judgment Entry filed on January 13, 2012, the trial court affirmed the decision of the Unemployment Compensation Review Commission.

{¶8}  Appellant now raises the following assignments of error on appeal:

{¶9}  "I. THE TRIAL COURT ERRED BY DEFERRING TO THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S (UCRC) APPLICATION OF LAW TO THE UNDISPUTED FACTS IN THE CASE.

{¶10} "II. THE TRIAL COURT ERRED BY NOT CONSIDERING ALL PRONGS OF R.C. 4141.282(H) WHICH ALLOWS FOR A DECISION TO BE REVERSED NOT ONLY WHEN IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BUT ALSO IF IT WAS UNLAWFUL OR UNREASONABLE.

{¶11} "II. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS JUST CAUSE FOR TERMINATION OF MR. BONANNO'S EMPLOYMENT AND THE DENIAL OF HIS UNEMPLOYMENT BENEFITS."

I, II, III

{¶12} Appellant, in his three assignments of error, argues that the trial court erred in affirming the decision of the Unemployment Compensation Review Commission's finding that there was just cause for appellant's discharge and holding that appellant, therefore, was not entitled to unemployment compensation benefits. We disagree.

{¶13} An appeal of a decision rendered by the Review Commission is governed by R.C. 4141.282(H), which provides, in pertinent part: " * * * If the court finds that the decision is unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, such court shall affirm the decision of the commission."

{¶14} An appellate court's standard of review in unemployment compensation cases is limited. An appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. See, *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 696, 1995–Ohio–206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. Of*

*Review*, 19 Ohio St.3d 15, 17–18, 482 N.E.2d 587 (1985). An appellate court may not make factual findings or determine the credibility of the witnesses, but rather, is required to make a determination as to whether the board's decision is supported by evidence on the record. *Id.* The hearing officer is in the best position to judge the credibility of the witnesses as the fact finder. *Shaffer–Goggin v. Unemployment Compensation Review Commission,* 5th Dist. No. 03–CA–2, 2003–Ohio–6907, citing, *Hall v. American Brake Shoe Co.,* 13 Ohio St.2d 11, 233 N.E.2d 582 (1968); *Brown–Brockmeyer Co. v. Roach,* 148 Ohio St. 511, 76 N.E.2d 79 (1947).

**{¶15}** A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission; where the commission might reasonably decide either way, the courts have no authority to upset the commission's decision. *Irvine,* supra at 17–18. "'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].'" *Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008–Ohio–301, 891 N.E.2d 348, ¶ 7 (9th Dist.), quoting *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988).

**{¶16}** In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a). That section provides:

**{¶17}** " * * *

**{¶18}** "(D)* * * [N]o individual may * * * be paid benefits * * *:

**{¶19}** "(2) For the duration of the individual's unemployment if the director finds that:

{¶20} "(a) The individual quit his work without just cause or has been discharged for just cause in connection with the individual's work, * * *."

{¶21} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Irvine,* supra at 17; *Tzangas,* supra at 697. The determination of whether just cause exists for an employee's dismissal under R.C. 4141.29 is based upon whether there was some fault on the part of the employee that led to the dismissal. *Tzangas,* supra at paragraph two of the syllabus. Furthermore, where an employee demonstrates "'unreasonable disregard for [the] employer's best interests,' just cause for the employee's termination is said to exist." *Kiikka v. Ohio Bur. of Emp. Servs.* (1985), 21 Ohio App.3d 168, 169, 486 N.E.2d 1233, (8th Dist. 1985); quoting *Stephens v. Bd. of Rev.,* 8th Dist. No. 41369, 1980 WL 355009. See, also, *Binger v. Whirlpool Corp.*, 110 Ohio App.3d 583, 590, 674 N.E.2d 1232 (6th Dist. 1996). "Just cause" does not typically require intentional action and the determination of just cause depends upon the "unique factual considerations of the particular case" and is therefore an issue for the trier of fact. *Irvine,* supra at 17.

{¶22} In the case sub judice, the Unemployment Compensation Review Commission found, and we concur, that appellant was discharged with just cause for failing to follow his employee's safety rules. There is no dispute that appellant did not lock out and tag out the machine as required by his employer's policy. While appellant may not have intended to violate the safety rules and may have forgotten to follow the rules, as is stated above, just cause does not require intentional action.

**{¶23}** At the May 4, 2011 hearing, Bryan Stocker, Vice President of  Stocker Sand and Gravel Company, testified as follows when asked about the reason for the policy that a machine be locked off and tagged: "Because it, if, if he didn't follow it there's a good chance he's either going to get hurt or killed, one of the two. " Transcript at 9.  He further testified that while the machine was not actually running, "it was ready, to run, one button and it would've been running.  Anybody could've come in and push (sic) the start button and it would've turned on." Transcript at 9.  The Hearing Officer, in her Decision, indicated that she found such testimony credible and that although appellant testified that he "simply forgot to follow the correct steps prior to beginning work on the machine, claimant's negligence in that instance was a significant violation of the employer's safety procedures." Appellant, by failing to comply with the rules, showed an "unreasonable disregard" for his employer's best interests and subjected his employer to potential legal liability.

**{¶24}** Based on the foregoing, we find that the trial court did not err in affirming the decision of the Unemployment Compensation Review Commission. The Board's decision was not unlawful, unreasonable or against the manifest weight of the evidence.

**{¶25}** Appellant's three assignments of error are, therefore, overruled.

**{¶26}** Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0827

[Cite as *Bonanno v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-5167.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM BONANNO | : | |
| | : | |
| Palintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OHIO DEPARTMENT OF JOB AND | : | |
| FAMILY SERVICES, et al., | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2012 AP 02 0011 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES