[Cite as *Huth v. Ohio Dept. of Job & Family Servs.*, 2014-Ohio-5408.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IRVIN W. HUTH | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| APPELLANT | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2014 AP 03 0011 |
| | : | |
| DIRECTOR, OHIO DEPARTMENT OF | : | |
| JOB AND FAMILY SERVICES, ET AL. | : | |
| | : | |
| | : | |
| APPELLEES | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                  Court of Common Pleas, Case No. 2013
                                  AA 05 0396


JUDGMENT:                         AFFIRMED IN PART; REVERSED AND
                                  REMANDED IN PART


DATE OF JUDGMENT ENTRY:           December 4, 2014


APPEARANCES:

For Appellant:                        For Appellees:

MICHELA HUTH                          SUSAN M. SHEFFIELD
257 Canal Street                      20 W. Federal St., 3rd Floor
P.O. Box 673                          Youngstown, OH 44503
Bolivar, OH 44612

                                      DENNIS TRAVER
                                      232 West Third St., Suite 309
                                      Dover, OH 44622

*Delaney, J.*

{¶1} Appellant Irvin W. Huth appeals the February 26, 2014 judgment entry of the Tuscarawas County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellee Lawrence Township (Tuscarawas County) Board of Trustees employed Appellant Irvin W. Huth as a Zoning Inspector and Assistant to the Board of Trustees. The Zoning Inspector and Assistant position was a full-time position at 40 hours per week earning $13.50 per hour. Huth's position also provided health insurance benefits for Huth and his spouse at no cost. Huth began his employment on August 1, 2006.

{¶3} In the summer of 2012, Huth learned from the Board of Trustees that they were going to change the Zoning Inspector and Assistant position to a part-time position due to budget cuts. The Board of Trustees never made a final decision as to whether the part-time position would entail 24 hours per week or 20 hours per week. Huth assumed the Board of Trustees intended to reduce the position to 20 hours per week. The pay rate would remain at $13.50 per hour. There would be no health benefits associated with the position. Huth was informed the part-time hours would go into effect on January 1, 2013.

{¶4} In December, Huth wrote a letter to the Board of Trustees acknowledging the reduction in hours for his position. Huth offered to stay past January 1, 2013 to train his replacement if the Board of Trustees paid Huth for 40 hours per week. Huth stated if the Board did not accept his counter-offer, he would resign effective December 31, 2012.

{¶5} On December 27, 2012, Huth attended a Board of Trustees meeting. At the meeting, Huth suggested additional alternatives. He suggested the Board of Trustees consider full-time employment at $13.50 per hour and Huth would provide his own health insurance coverage. Huth also suggested he could work 20 hours per week at $18.00 per hour and he would provide his own health insurance coverage. Huth determined his health coverage expenses for he and his spouse would be approximately $1,388.00 per month under COBRA. The Board of Trustees stated to Huth they would have to investigate whether it was permissible for Huth to provide his own health insurance coverage.

{¶6} On December 31, 2012, Huth spoke to the Lawrence Township fiscal officer regarding his position. The fiscal officer stated the Board of Trustees had not made any decision as to Huth's counter offer. Huth's last day as a Lawrence Township employee was December 31, 2012. As of March 13, 2013, the position was not filled by a permanent employee. It was being filled in-house, part-time by current Lawrence Township employees.

{¶7} Huth filed an application for benefits with the Office of Unemployment Compensation. On January 25, 2013, the Office of Unemployment Compensation issued an initial Determination of Unemployment Benefits disallowing Huth's application for unemployment compensation benefits.

{¶8} Huth filed an appeal of the January 25, 2013 Determination. The Office of Unemployment Compensation Benefits issued a Director's Redetermination denying Huth unemployment benefits. Huth appealed the Director's Redetermination. The Ohio Unemployment Compensation Review Commission ("Commission") heard Huth's

appeal on March 13, 2013 and issued its Decision on March 20, 2013. The Decision affirmed the Director's Redetermination to deny Huth unemployment benefits because Huth quit without just cause. The Hearing Officer found Huth could have worked the part-time hours while searching for new employment or Huth could have applied for partial unemployment benefits. Huth filed a request for review of the Hearing Officer's Decision, which was disallowed by the Commission.

{¶9}   Huth filed an administrative appeal of the Commission's Decision with the Tuscarawas County Court of Common Pleas.

{¶10} During the briefing, Appellee Lawrence Township filed a Notice Adopting the Brief of Appellee Director, Ohio Department of Job and Family Services ("ODJFS"). Huth moved to strike the Notice.

{¶11} On February 26, 2014, the trial court issued its judgment entry on Huth's administrative appeal. The trial court first denied Huth's motion to strike Lawrence Township's Notice of adopting the brief of ODJFS. Second, the trial court affirmed the Decision of the Commission to find Huth quit without just cause and was not entitled to unemployment compensation benefits.

{¶12} It is from this judgment entry Huth now appeals.

## ASSIGNMENTS OF ERROR

{¶13} Huth raises four Assignments of Error:

{¶14} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO STRIKE APPELLEE LAWRENCE TOWNSHIP'S NOTICE ADOPTING THE BRIEF OF APPELLEE, DIRECTOR, ODJFS.

{¶15} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN FOUND THAT THE COMMISSION'S APRIL 24, 2013 DECISION WAS NOT UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE COMMISSION'S APRIL 24, 2013 DECISION SHOULD BE AFFIRMED.

{¶17} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE COMMISSION'S APRIL 24, 2014 DECISION IS SUPPORTED BY THE EVIDENCE."

## ANALYSIS

### II., III., and IV.

{¶18} We will first address Huth's second, third, and fourth Assignments of Error because they are dispositive of Huth's administrative appeal. In Huth's second, third, and fourth Assignments of Error, Huth argues the decision of the trial court to affirm the Commission's Decision was in error. We agree.

### Standard of Review

{¶19} R.C. 4141.282(H) governs the standard of review to be applied by the court of common pleas and subsequent reviewing courts in unemployment compensation cases. The statute states:

If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the

commission. Otherwise, the court shall affirm the decision of the commission.

We are required to focus on the decision of the commission, rather than that of the trial court. *Hartless v. Ohio Dept. of Job & Family Servs.,* 4th Dist. Pickaway No. 10CA27, 2011–Ohio–1374, ¶ 14 quoting *Klemencic v. Robinson Memorial Hosp.,* 9th Dist. Summit No. 25293, 2010–Ohio–5108, ¶ 7.

{¶20} Appellate courts are not permitted to make factual findings or to determine the credibility of witnesses; but the reviewing court does have the duty to determine whether the Commission's decision is supported by the evidence in the record. *Tzangas, Plakas, & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 696, 1995–Ohio–206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. of Review,* 19 Ohio St.3d 15, 17–18, 482 N.E.2d 587 (1985). Where the commission might reasonably decide either way, the courts have no authority to upset the Commission's decision. *Bonanno v. Ohio Dept. of Job & Fam. Servs.,* 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167, ¶ 15 citing *Irvine, supra* at 17–18. " 'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].' " *Bonanno,* at ¶ 15 citing *Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008–Ohio–301, 891 N.E.2d 348, ¶ 7 (9th Dist.), quoting *Karches v. Cincinnati,* 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988).

**Just Cause**

{¶21} In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a). The section provides:

(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

(2) For the duration of the individual's unemployment if the director finds that:

(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work, * * *.

Pursuant to R.C. 4141.29(D)(2)(a), a claimant is ineligible for unemployment benefits if the claimant quits a job without "just cause."

{¶22} R.C. Chapter 4141 does not define "just cause." The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Irvine, supra* at 17; *Tzangas, supra* at 697. "The determination of whether just cause exists necessarily depends upon the unique factual considerations of the particular case. Determination of purely factual questions is primarily within the province of the referee and the [Commission]." *Irvine, supra* at 17.

### Accommodation

{¶23} ODJFS argues the record supports the Commission's conclusion that Huth did not have just cause to quit his employment. ODJFS first argues Huth did not give Lawrence Township sufficient time to address Huth's counter offers prior to his resignation. ODJFS cites to *Shephard v. Ohio Dept. of Job & Family Servs.*, 166 Ohio App.3d 747, 853 N.E.2d 335, ¶ 26 (8th Dist.1996) that stated:

"[G]enerally[,] employees who experience problems in their working conditions must make reasonable efforts to attempt to solve the problem before leaving their employment. Essentially, an employee must notify the

employer of the problem and request it be resolved, and thus give the employer an opportunity to solve the problem before the employee quits the job; those employees who do not provide such notice ordinarily will be deemed to quit without just cause and, therefore will not be entitled to unemployment benefits." *DiGiannantoni v. Wedgewater Animal Hosp., Inc.* (1996), 109 Ohio App.3d 300, 307, 671 N.E.2d 1378.

In the *Shephard* case, the claimant quit her employment due to health problems. *Shephard*, *supra* at ¶ 24. It was determined, however, the claimant failed to give her employer the opportunity to make an accommodation for her health needs. *Id.* at ¶ 25. The Commission found the claimant did not have just cause to resign her employment. *Id.* at ¶ 16.

{¶24} The record shows that Huth proposed alternatives to maintain his full-time salary such as providing his own health insurance coverage. The Board of Trustees said they would research the matter and get back to Huth. As of December 27, 2012, the Lawrence Township fiscal officer told Huth that nothing had been determined as to the hours or health insurance coverage. Huth resigned on December 31, 2012 and the part-time position became effective on January 1, 2013. Lawrence Township argues this was insufficient time for it to address Huth's concerns. Unlike the *Shephard* case, the alleged problem in Huth's employment, the reduction in hours and elimination of health coverage, was not a problem Lawrence Township could solve. The reduction in hours and elimination of health insurance coverage was due to budget cuts. The evidence shows the position has not been filled by Lawrence Township and the duties of the position are being performed by current employees.

**Substantial Reduction in Hours and Wages**

{¶25} Huth argues he established he had just cause to quit his job because Lawrence Township made a substantial reduction in the position's hours and benefits. When Huth was working 40 hours per week at $13.50 per hour, he earned $540.00 per week for an annual salary of $28,080.00. The full-time position provided health insurance coverage at no cost for Huth and his spouse. Huth argues with the health insurance coverage valued at approximately $1,388.00 per month, the value of his annual compensation was $44,736.00. Lawrence Township stated it was reducing the Zoning Inspector position from a full-time to a part-time position, but it did not decide at the time of Huth's resignation whether the hours would be 24 hours per week or 20 hours per week. The part-time position would not include health insurance coverage under either scenario.

{¶26} If Lawrence Township reduced the position to 24 hours per week at $13.50 per hour, Huth would earn $324.00 per week for an annual salary of $16,848.00. Without considering the value of the health insurance coverage, a reduction from 40 hours to 24 hours per week would equate to 40% reduction in salary. If Lawrence Township reduced the position to 20 hours per week at $13.50 per hour, Huth would earn $270.00 per week for an annual salary of $12,960.00. Without considering the value of the health insurance coverage, a reduction from 40 hours to 20 hours per week would equate to a 54% reduction in salary.

{¶27} Huth stated COBRA health insurance coverage would cost approximately $1,388.00 per month. This evidence was uncontroverted at the administrative hearing. Huth argues that if you consider the value of the health insurance coverage the full-time

position provided, a 24 hour per week position would result in a 62% reduction in compensation. A 20 hour per week position would equate to a 70% reduction in compensation.

{¶28} In *Irvine*, the Ohio Supreme Court stated there was no "slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits." *Irvine, supra* at 17. A review of the case law analyzing whether a reduction in work hours constitutes just cause for an employee to quit his or her job exemplifies *Irvine's* holding that the determination of just cause "depends on the unique factual considerations of the particular case." *Irvine, supra* at 18. The Second District Court of Appeals in *Suftin v. Carsbad Marketing & Communications, Inc.*, 2nd Dist. Montgomery No. 24555, 2011-Ohio-5988, reviewed existing case law addressing whether a reduction in work hours constituted just cause for an employee to quit his or her job. The Second District cited eleven Ohio appellate decisions and noted the "courts that have addressed the issue over the years have reached different conclusions." *Id.* at ¶ 15. The determination of just cause depends on the unique facts of the case while considered under the limited scope of review of an administrative appeal of an unemployment compensation decision.

{¶29} In the present case, the Commission Decision stated:

Claimant had other options besides quitting and having no income along with no health insurance. He could have worked the assigned hours while seeking other employment. If he earned less than his weekly benefit amount, he could have filed a claim for partial unemployment compensation benefits.

{¶30} A point of contention in this case is partial unemployment compensation benefits. The Decision stated Huth could have filed a claim for partial unemployment compensation benefits to support its conclusion that Huth did not have just cause to quit his employment. Under R.C. 4141.29, an eligible individual shall receive "benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in this chapter." "An individual is 'partially unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to the individual for such week is less than the individual's weekly benefit amount." R.C. 4141.01(N).

{¶31} In his Request for Review of the Decision, Huth argued the Decision reasoning was flawed because Huth would not be eligible for partial unemployment compensation. If Lawrence Township reduced the position to 24 hours per week at $13.50 per hour, Huth would earn $324.00 per week. If Lawrence Township reduced the position to 20 hours per week at $13.50 per hour, Huth would earn $270.00 per week. Huth argued in his Request for Review that according to the Ohio 2013 UC Benefit Chart, Huth would be entitled to $134.00 per week, which was less than he would earn with Lawrence Township. Huth argued the Decision was in error because he was not eligible for partial unemployment compensation benefits.

{¶32} Lawrence Township contends Huth cannot make an argument as to his alleged ineligibility for partial unemployment benefits because that evidence was not presented in the certified record below. Pursuant to R.C. 4141.282(H), "[t]he court shall hear the appeal on the certified record provided by the commission."

{¶33} Ohio Adm.Code 4146–17–01(A) provides that:

In addition to the administrator's file the review commission shall maintain a file in each case before it. The review commission file shall consist of the appeal, request for review or an application for appeal, all exhibits introduced at the hearing, the transcript where it exists *and any other documents pertaining to the case that are submitted or generated after an appeal, application for appeal or request for review has been filed.*

(Emphasis added.) Ohio Adm.Code 4146–25–01, in turn, provides that:

A request for review to the review commission may be taken by any interested party by filing a request for review from a decision by a hearing officer.

Any written notice stating that the interested party appeals from or desires a review of the decision of the hearing officer on a hearing officer level appeal shall constitute a request for review to the review commission. If the appellant desires to submit additional evidence, the appellant should so state and set forth a brief statement thereof.

*Shepherd Color Co. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. CA2012-11-244, 2013-Ohio-2393, ¶ 27.

{¶34} In this case, Huth raised the issue of the partial unemployment benefits in his Request for Review based on the Decision's conclusions of law. The Request for Review contained the argument stating that pursuant to the Ohio 2013 UC Benefit Chart, he was ineligible for partial unemployment benefits if he remained in his position with Lawrence Township. This evidence was properly included in the certified record

and could be considered by the trial court and reviewing courts. *Shepherd, supra* at ¶ 29.

{¶35} "Whether an employer's reduction in hours is substantial enough to provide the employee with just cause to quit [his or her] job is a factual determination." *Bethlenfalvy v. Ohio Dept. of Job & Family Services*, 8th Dist. Cuyahoga No. 84773, 2005-Ohio-2612, ¶ 19 quoting *Bainbridge Township v. Stellato*, 11th Dist. Geauga No. 95-G-1936, 1996 WL 200594 (Mar. 8, 1996). In *Bethlenfalvy*, the court found the Commission's determination that a claimant did not have just cause to quit her employment due to a substantial reduction in her hours was against the manifest weight of the evidence.

{¶36} In the present case, there is no factual dispute Huth's hours were substantially reduced and the reduction was not related to the fault of Huth. The position was originally a full-time position with 40 hours per week. The position was reduced to 24 or 20 hours per week. If Lawrence Township reduced the position to 24 hours per week at $13.50 per hour, Huth would earn $324.00 per week for an annual salary of $16,848.00. Without considering the value of the health insurance coverage, a reduction from 40 hours to 24 hours per week would equate to 40% reduction in salary. If Lawrence Township reduced the position to 20 hours per week at $13.50 per hour, Huth would earn $270.00 per week for an annual salary of $12,960.00. Without considering the value of the health insurance coverage, a reduction from 40 hours to 20 hours per week would equate to a 54% reduction in salary.

{¶37} The facts establish that that Lawrence Township would no longer provide health insurance coverage for the position. Huth determined it would cost approximately

$1,388.00 per month to obtain COBRA health insurance coverage for himself and his spouse. Huth argues if you consider the value of the health insurance coverage the full-time position provided, a 24 hour per week position would result in a 62% reduction in compensation. A 20 hour per week position would equate to a 70% reduction in compensation.

{¶38} There is evidence presented that if Huth remained in the position, he would be ineligible for partial unemployment compensation benefits.

{¶39} After Huth's resignation, the position was not filled by a permanent employee at the time of the Hearing. The position was being performed by current Lawrence Township employees.

{¶40} Considering the evidence in the record under our limited standard of review, we find the evidence demonstrates the reduction in Huth's hours was substantial and amounted to a constructive discharge. In this case, we find the Commission's decision that Huth did not have just cause to leave his employment was against the manifest weight of the evidence. A reasonable person would have justifiably quit his or her job under the same conditions.

{¶41} Huth's second, third, and fourth Assignments of Error are sustained.

## I.

{¶42} Huth argues in his first Assignment of Error that the trial court erred when it denied his motion to strike Lawrence Township's Notice of Adopting the Brief of ODJFS. We disagree.

{¶43} Huth contends that by failing to raise any issues during the administrative proceedings, Lawrence Township waived its right to raise arguments in the

administrative appeal to the trial court. During the administrative proceedings, Huth objected to the determination of the Commission to deny his unemployment benefits. Lawrence Township did not raise any objections during the administrative proceedings because it did not have any objections to the Commission's determination that Huth was not entitled to unemployment benefits. During the administrative appeal, ODJFS is an interested party and must be named as an appellee in the notice of appeal. R.C. 4141.282(D).

{¶44} We see no abuse of discretion for the trial court to deny the motion to strike and to allow Lawrence Township to adopt the brief presented by ODJFS.

{¶45} Huth's first Assignment of Error is overruled.

**CONCLUSION**

{¶46} Huth's first Assignment of Error is overruled. Huth's second, third, and fourth Assignments of Error are sustained.

{¶47} The judgment of the Tuscarawas County Court of Common Pleas is affirmed in part, reversed in part and the matter is remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Hoffman, P.J. and.

Farmer, J., concur.