JUDGES: Hon. W. Scott Gwin, P.J., Hon. John W. Wise, J., Hon. Earle E. Wise, J.
OPINION
Gwin, P.J.
{¶ 1} Appellant appeals the November 10, 2016 judgment entry of the Tuscarawas County Court of Common Pleas. Appellee is the Director, Ohio Department of Job and Family Services ("ODJFS").
Facts & Procedural History
{¶ 2} Appellant Irvin Huth was a Zoning Inspector and Assistant to the Board of Trustees in Lawrence Township. Appellant's last day as a Lawrence Township employee was December 31, 2012. Appellant filed an application for benefits with the Office of Unemployment Compensation which was denied because the Commission found appellant quit without just cause. After appellant filed an administrative appeal, the Tuscarawas County Court of Common Pleas affirmed the decision of the Unemployment Compensation Review Commission ("Commission") finding appellant quit without just cause and was not entitled to unemployment compensation benefits.
{¶ 3} Appellant appealed the trial court's decision to this Court. In Huth v. Director, Ohio Dept. of Job and Family Services , 2014-Ohio-5408, 26 N.E.3d 250, we found the Commission's decision that appellant did not have just cause to leave his employment was against the manifest weight of the evidence.
{¶ 4} Pursuant to the remand order, the Office of Unemployment Compensation issued a determination allowing appellant's application for unemployment compensation benefits, setting the weekly payment amount, and charging the employer's account. Further, on March 9, 2015, the Office of Unemployment Compensation issued a determination of unemployment compensation benefits finding appellant failed to timely file claims pursuant to R.C. 4141.29(A)(4) and OAC 4141-27-05 and failed to meet the active search for work requirement of R.C. 4141.29(A)(4). Thus, appellant was not eligible to receive benefits from February 24, 2013 through December 28, 2013.
{¶ 5} Appellant appealed the determinations issued on March 9, 2015. On April 15, 2015, the Office of Unemployment Compensation issued a Director's Redetermination that affirmed the initial March 9, 2015 determinations. Appellant appealed the Director's Redetermination. On July 22, 2015, the Director issued another Redetermination that affirmed the initial decision.
{¶ 6} Appellant appealed the July 22, 2015 redetermination. On August 7, 2015, appellant's file was transferred to the Commission. After being scheduled for a hearing in August of 2015, the case was reassigned to a later date to address a subpoena request made by counsel for appellant.
{¶ 7} A hearing was held in front of the hearing officer on September 23, 2015. Appellant testified that he attempted to file weekly claims between February 24, 2013 and December 28, 2013 through the ODJFS website. However, after March 7, *127 2013, appellant was able to log into the website, but when he tried to file his weekly claims, a notice stated "no weekly claims can currently be filed." Appellant stated he tried multiple times to file weekly claims online, but did not contact ODJFS via telephone. Appellant testified he did not call ODJFS because, "given the notice that I received saying that jurisdiction, I believe it was March 20, jurisdiction had been transferred from Jobs and Family Services to the Unemployment Compensation Review Commission that Job and Family Services no longer was interested in my weekly claims." Further, that when the online system said he could not file weekly claims, there was no instruction on the screen to call ODJFS.
{¶ 8} Appellant testified he sought suitable work every week, was able to work in 2013 and 2014, and kept track of his job search on a spreadsheet on his personal computer. However, he could not access this information since his computer crashed.
{¶ 9} Appellant confirmed he received a copy of Exhibit 1, the Worker's Compensation Guide to Unemployment Compensation and read the portion stating he should contact ODJFS if he had trouble. Appellant further stated he received the New Claim Instruction Sheet marked as Exhibit 2. Appellant testified he understood he had to meet eligibility requirements to get unemployment benefits. However, appellant stated his "understanding, based upon what actually happened, that I was no longer able to enter into the system that because jurisdiction had been transferred that the requirement no longer applied." Further, that he "did not make that assumption, uh, on my own, I made it based upon the fact that the circumstances no longer allowed me, but I did still try."
{¶ 10} Douglas Hopper ("Hopper"), the Chief of Technical Services at the Commission, testified appellant last filed a claim via the self-serve online system on March 7, 2013, for the week ending in February 23, 2013. Appellant next made a weekly claim on February 27, 2015, when he called the ODJFS number. Once appellant stopped filing claims for a period of three consecutive weeks, a break in claim occurred. Such a break in claim occurred on March 24, 2013, because it had been more than twenty-one days since the last weekly claim was filed.
{¶ 11} Hopper testified that if appellant was filing weekly claims and everything was fine, he does not believe an error message should have appeared on the screen. Hopper does not know why the error message appeared when appellant tried to file his claims online. Thus, for the first three weeks after March 7, 2013, appellant should have been able to file claims online via the self-service system. However, after those three weeks, appellant could not have filed weekly claims online due to the break in claim. Appellant would have had to reopen his claim, which he could have done by contacting an agent for a continued claim or by filing a new application online.
{¶ 12} When asked how appellant would have known to contact an agent, Hopper cited Exhibit 1, the Worker's Compensation Guide, and Exhibit 2, the New Claimant Instruction Sheet. Hopper testified that nothing on the online screen specifically told appellant to go back to the worker's guide or the instruction sheet, or to call the department. Further, that neither the guide nor the instruction sheet specifically provided what to do if the screen says "no weekly claim can be filed," but that both the guide and instruction sheet tell the claimant if they have any trouble submitting a claim, they should contact ODJFS. Hopper stated appellant would have known he needed assistance because *128 he was not able to claim the weeks he thought he was supposed to be claiming.
{¶ 13} Hopper testified if appellant would have called, the agent would have taken the weekly claim like they did when he called in 2015. Hopper stated a claimant can file weekly claims online or with an agent. If a claimant is unable to file online, the option is to pick up the phone and call the number provided in the instruction sheet and worker's guide. Hopper stated appellant called in 2015 to inquire about why his benefits were not paid. Appellee's Exhibit 5 consists of the notes made by the agent during appellant's call, which provided, "Claimant states he tried to file weeks after claim was denied, system would not allow him. Claimant states he did not contact agency for assistance." The notes also provide, "Clmt. states he did seek work, used spreadsheet, computer kept crashing, does not have any of the information. Did not have any job contacts available, also never contacted agency in 2013 to file weeks."
{¶ 14} Kay Huth, appellant's spouse, testified appellant sought employment in 2013 and 2014 and kept track of his job search in a spreadsheet on their personal computer until the computer crashed.
{¶ 15} The hearing officer issued a decision on October 20, 2015 on behalf of the Commission. The hearing officer found in the findings of fact section as follows: after filing a weekly claim for the week ending February 23, 2013 online, claimant did not file another weekly claim until March 10, 2015, when he filed claims for the period of February 23, 2013 through the week ending December 28, 2013 via telephone; claimant did not continue to file weekly claims after he believed that he had to await the outcome of the appeal; appellant stated that he was unable to file through the online system; and claimant made no attempt to contact the ODJFS.
{¶ 16} In the reasoning portion of the decision, the hearing officer found appellant's claims for benefits for the week ending February 23, 2013 through the week ending December 28, 2013 were not valid as these claims were not timely. Further, that appellant received his active search for work requirements as part of his New Claim Instruction Sheet which required that he personally make contact and apply for work with at least two employers who hire in his trade or occupation and keep a written record of the same; and he did not maintain a written record as required. Thus, appellant failed to establish he meets the actively search requirement during the period in question.
{¶ 17} The hearing officer issued a decision reaffirming the July 22, 2015 Director's Redetermination. Appellant filed a request for review on October 28, 2015. On November 18, 2015, the Commission issued a decision disallowing appellant's request for review. The Commission stated that, upon consideration of the request for review and upon a review of the entire record, the request for review was disallowed.
{¶ 18} Appellant filed an administrative appeal to the Tuscarawas County Court of Common Pleas on December 8, 2015. After the parties filed briefs and the record of the proceedings, the trial court issued a judgment entry on November 10, 2016. The trial court found appellant receive a copy of the worker's compensation guide, but testified that based on the message "no weekly claims can currently be filed" when he tried to log in and file his weekly claim online, he believed he was unable to enter his claims into the system and file his two job contacts each week because jurisdiction had been transferred and these requirements no longer applied. Additionally, that appellant acknowledged at the hearing that he did not make weekly claims for benefits for the subject weeks.
*129 The trial court found that although the message on the ODJFS' website could be misleading, appellant did not attempt to call the processing center for help, as previously directed in the guide. The trial court thus found the Commission could reasonably conclude appellant did not make weekly claims for benefits for the subject weeks and did not comply with the registration requirements as required by R.C. 4141.29(A).
{¶ 19} As to the job search requirement, the trial court found appellant testified he sought work every week and kept a record of the jobs that he applied for, but lost the document when his computer stopped working in late 2013 or early 2014. Further, that although appellant and his wife testified appellant sought work during the subject period, appellant did not present more specific evidence regarding his work-seeking activities, such as the employers he contacted during those weeks. The trial court concluded that, based upon the lack of documentation and evidence presented by appellant regarding his efforts to search for work in his trade or occupation each week, the Commission could reasonably conclude appellant did not comply with R.C. 4141.29(A)(4) and was not entitled to benefits for the subject weeks.
{¶ 20} The trial court affirmed the decision of the Commission and found the Commission's decision was supported by the evidence and was not unlawful, unreasonable, or against the manifest weight of the evidence.
{¶ 21} Appellant appeals the November 10, 2016 judgment entry of the Tuscarawas County Court of Common Pleas and assigns the following as error:
{¶ 22} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THE COMMISSION'S DECISIONS WERE SUPPORTED BY THE EVIDENCE AND WERE NOT UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 23} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE COMMISSION'S DECISIONS.
{¶ 24} "III. THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISIONS ARE UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
I., II. and III.
{¶ 25} In appellant's first, second, and third assignments of error, appellant argues the decision of the trial court to affirm the Commission's decision was in error.
Standard of Review
{¶ 26} R.C. 4141.28(H) governs the standard of review to be applied by the court of common pleas and subsequent reviewing courts in unemployment compensation cases. The statute states:
If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.
{¶ 27} Our standard of review is the same. Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995). That is, the court of appeals must also determine whether the commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence. We are required to focus on the decision of the commission, rather than that of the trial court.
*130 Huth v. Director, Ohio Dept. of Job and Family Services , 2014-Ohio-5408, 26 N.E.3d 250.
{¶ 28} Appellate courts are not permitted to make factual findings or to determine the credibility of the witnesses; but the reviewing court does have the duty to determine whether the Commission's decision is supported by the evidence in the record. Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services , 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995). This leaves the board's role as factfinder intact. Id. Where the commission might reasonably decide either way, this Court has no authority to upset the Commission's decision. Bonannvo v. Ohio Dept. of Job & Family Services , 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167, 2012 WL 5439043 ; Williams v. Ohio Dept. of Job & Family Servs. , 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031. "Every reasonable presumption must be in favor of the [decision] and the findings of facts [of the Revision Commission]." Id.
Weekly Claims
{¶ 29} In this case, appellant was denied benefits on the grounds that he failed to timely file weekly claims for the week beginning February 24, 2013 through the week ending on December 28, 2013, pursuant to R.C. 4141.29(A) and OAC 4141-29-01.
{¶ 30} R.C. 4141.29(A) provides that each individual shall receive unemployment benefits "in the amounts and subject to the conditions stipulated in this chapter." R.C. 4141.29(A) further states,
(A) No individual is entitled to a waiting period or benefits for any week unless the individual:
(1) Has filed a valid application for determination of benefit rights * * *;
(2) Has made a claim for benefits in accordance with section 4141.28 of the Revised Code ;
(3) (a) Has registered for work and thereafter continues to report to an employment office or other registration place maintained or designated by the director of job and family services. Registration shall be made in accordance with the time limits, frequency, and manner prescribed by the director.
(3) (b) For purposes of division (A)(3) of this section, an individual has "registered" upon doing any of the following: (i) filing an application for benefit rights; (ii) making a weekly claim for benefits; (iii) reopening an existing claim following a *131 period of employment or non-reporting. (3)(c) After an applicant is registered, that registration continues for a period of three calendar weeks, including the week during which the applicant registered. However, an individual is not registered for purposes of division (A)(3) of this section during any period in which the individual fails to report, as instructed by the director, or fails to reopen an existing claim following a period of employment.
(3)(d) The director may, for good cause, extend the period of registration. (3)(e) For purposes of this section, "report" means contact by phone, access electronically, or be presented for an in-person appointment, as designated by the director.
{¶ 31} OAC 4141-29-01 provides, "no claim for benefits for a week of unemployment shall be valid unless the individual is registered as designated by the director. The director shall prescribe the manner and frequency of registration." Further, "an individual is deemed to be registered upon filing an application for benefit rights, making a weekly claim for benefits or reopening an existing claim following a period of employment or non-reporting." After a three week period without weekly claim submission, a "break in claim" occurs and an individual is ineligible for benefits until he again complies with the registration requirements. See OAC 4141-27-05.
{¶ 32} Appellant contends the trial court erred in its factual findings with regards to the testimony and evidence presented as to the weekly claims filing. Specifically, appellant argues the trial court did not accurately depict appellant's testimony and that appellant's belief as to why ODJFS refused to permit him to file his weekly claims online does not mean appellant was at fault for his inability to file the weekly claims. Further, that the trial court erred in finding the Worker's Guide to Unemployment Compensation directed appellant to call ODJFS when his weekly claims could not be filed online.
{¶ 33} First, appellant asks this Court to review the factual findings of the trial court and argues the trial court misstates the testimony of appellant. However, as this Court has previously stated, an appellate court is "required to focus on the decision of the commission, rather than that of the trial court." Huth v. Director, Ohio Dept. of Job and Family Services , 2014-Ohio-5408, 26 N.E.3d 250.
{¶ 34} Further, even if we were to consider the trial court's findings of fact, we find the testimony was not misstated. Though appellant contends the trial court's finding that he testified the requirement of weekly claims no longer applied because jurisdiction was transferred was not an accurate statement of his testimony, upon our review of the transcript, we find this to be an accurate statement of appellant's testimony. Appellant testified he "assumed that the website and portal I was accessing was a creation of Jobs and Family Services" and that, "given the notice that I had received saying that jurisdiction I believe it was March 20, jurisdiction had been transferred * * * that Jobs and Family Services no longer was interested in my weekly claims." Appellant also testified when he could not log into the computer program to file his weekly claims, he believed "* * * because jurisdiction had been transferred that the requirement no longer applied." Appellant's belief about whether ODJFS was interested in his weekly claims is relevant to whether he filed these claims in accordance with the statutory and regulatory requirements.
{¶ 35} Next, appellant contends the Commission's determination that his claims were not timely filed was against the weight of the evidence. Appellant focuses his argument on the fact that the Commission and/or the trial court failed to properly take into account ODJFS' "fault" in their analysis.
{¶ 36} However, in this case, the "just cause" or "fault" analysis is not applicable. A "just cause" or "fault" analysis pursuant to R.C. 4141.29(D)(2) is conducted when an individual has quit work or was discharged from employment. Williams v. Ohio Dept. of Job and Family Servs. , 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031 ; Huth v. Director, Ohio Dept. of Job and Family Services , 2014-Ohio-5408, 26 N.E.3d 250.
{¶ 37} Here, the determination has already been made that appellant had just cause to leave his employment and he was constructively discharged. This case deals specifically with a statutory analysis pursuant to R.C. 4141.29(A) as to whether appellant filed timely weekly claims. Thus, under the statutory and regulatory analysis, the focus is on appellant's actions, as the claimant, and whether he timely filed weekly claims. Accordingly, we find the Commission and/or the trial court did not *132 fail to properly take into account ODJFS' "fault" in its analysis.
{¶ 38} Upon our review of the record, we find there is competent and credible evidence to support the Commission's conclusion that appellant failed to make valid weekly claims. While appellant initially filed online for benefits, after March 7, 2013, appellant received the message "no weekly claims can currently be filed" via the online system. Though appellant stated he tried multiple times to submit claims online, appellant stated he did not contact ODJFS by telephone. Appellant testified he did not call ODJFS because he believed since jurisdiction was transferred from ODJFS to the Commission, that "Job and Family Services no longer was interested in my weekly claims." However, in February of 2015, appellant did call ODJFS via telephone to file his claims.
{¶ 39} While appellant and Hopper testified that when the online system said appellant could not file weekly claims, there was no instruction on the screen to call ODJFS, appellant did acknowledge he received the Worker's Guide and the New Claims Instruction Form. Appellant specifically stated he read the portion of the worker's guide concerning appeal rights, where the individual is instructed that during appeals, he should continue to file weekly claims, and if unable to file, to contact the processing center for assistance. The instruction sheet appellant acknowledged receiving provides, "remember, if you do not file a claim for benefits for the week, you will not receive benefits for that week."
{¶ 40} Appellant also testified he received confirmation that an appeal had been filed to the decision on his initial application for benefits and the document provides, "Remember to file weekly claims for any weeks you are unemployed during the appeal process. If this appeal is decided in your favor, you must still meet all other eligibility requirements. If you have questions, please see the Worker's Guide to Unemployment Compensation or contact your processing center."
{¶ 41} When asked how appellant would have known to contact an agent, Hopper cited both the worker's guide and the instruction sheet. Hopper stated appellant would have known he needed assistance because he was not able to claim the weeks he thought he was supposed to be claiming. Despite the instructions contained in these documents to call or visit the local processing center if he had questions or problems, appellant did not do so until he called the processing center in February of 2015 to file his claims.
Actively Search for Work
{¶ 42} Appellant contends the Commission failed to properly weigh the evidence with regards to the actively seeking work requirement. We disagree.
{¶ 43} R.C. 4141.29(A)(4) requires an individual to actively seek work during the time he asserts he is eligible for unemployment benefits. This requirement contained in R.C. 4141.29(A)(4) is one of the requirements set forth regarding eligibility for benefits. OAC 4141-29-07 is entitled "Active Search for Work Requirement" and provides:
In order for an individual to be eligible to be credited with a waiting week or receive unemployment compensation benefits for a week he or she must, unless otherwise provided pursuant to division (A)(4) of section 4141.29 of the Revised Code, provide documentation of the efforts on his or her part to search for work in his or her trade or occupation during each week. The individual shall produce such documentation for examination upon request and in a manner prescribed by the director.
*133 {¶ 44} Appellant testified he developed an Excel spreadsheet to keep track of his work search, but the hard drive started acting up on his computer. Appellant stated his computer stopped working at the end of 2013 and he was unable to access the spreadsheet. Appellant and his wife testified he sought work every week.
{¶ 45} However, after March of 2013, appellant did not provide any work search documentation, as he did not submit his weekly claims. In February of 2015, when appellant did call to file his claims, appellant failed to provide job-seeking documentation for the time period for which he was seeking benefits. The notes from the call center representative state appellant "did not have any job contacts available." Though the worker's guide and new instruction sheet informed appellant to call if he needed assistance or had problems, he did not call from March 2013 to February of 2015 to offer work search information verbally to a call center agent. There was no evidence in the record that appellant maintained a written copy of his work search when his computer was having problems and before it crashed completely.
{¶ 46} Appellant contends the Commission failed to consider and weigh the evidence of appellant's job search. However, the record shows the Commission addressed and considered the evidence of appellant's job search as the findings of fact provide, "the claimant lost his log that tracked his employer contacts after his computer crashed." Further, the Commission noted in its decision that it reviewed the entire record.
{¶ 47} Based upon the evidence presented in the record, the hearing officer and Commission weighed the evidence. Though appellant claims they weighed this evidence improperly, upon our review of the record, we find the Commission's decision supported by the evidence in the record. As noted above, this Court is not permitted to make factual findings or to determine the credibility of the witnesses. Tzangas, Plakas,& Mannos v. Administrator, Ohio Bureau of Employment Services , 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995). Further, where the Commission might reasonably decide either way, we have no authority to upset the Commission's decision. Bonannvo v. Ohio Dept. of Job & Family Services , 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167, 2012 WL 5439043.
{¶ 48} Though appellant again concentrates his argument on whether the Commission and/or the trial court properly took into account ODJFS' "fault" in their analysis, a "just cause" or "fault" analysis is not applicable in this case. This case deals with a statutory analysis pursuant to R.C. 4141.29(A) as to whether appellant actively sought work and produced specific job search documentation upon request under R.C. 4141.29(A)(4). Thus, the focus is on appellant's actions as to whether he provided documentation about his active work search to ODJFS when requested. Accordingly, we find the Commission and/or the trial court did not fail to properly take into account ODJFS' "fault" in its analysis.
{¶ 49} Upon review, we find there is competent and credible evidence to support the Commission's decision and the Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Appellant's assignments of errors are overruled.
{¶ 50} The November 10, 2016 judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.
Wise, John, J., and Wise, Earle J., concur